UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND HEALTH AND WELFARE FUND, UTAH-IDAHO TEAMSTERS SECURITY FUND, JACKSONVILLE POLICE OFFICERS AND FIRE FIGHTERS HEALTH INSURANCE TRUST, and NYST COUNCIL HEALTH & HOSPITAL FUND, on behalf of themselves and others similarly situated,<br><br>     Plaintiffs<br><br>     v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; TEVA PHARMACEUTICALS USA, INC.; TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.; and NORTON (WATERFORD) LTD.,<br><br>     Defendants. | Civ. No. 23-cv-11131 (NMG) |

**PARTIES' JOINT STATEMENT
FOR JUNE 25, 2024 SCHEDULING CONFERENCE**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Rules 16.1(d) and 26.1 of the Local Civil Rules for the United States District Court for the District of Massachusetts, Plaintiffs Iron Workers District Counsel of New England Health and Welfare Fund, Utah-Idaho Teamsters Security Fund, Jacksonville Police Officers and Fire Fighters Health Insurance Trust, and NYST Council Health & Hospital Fund (collectively, the "Plaintiffs"), and Defendants Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Teva Branded Pharmaceutical Products R&D, Inc.; and Norton (Waterford) Ltd. (collectively, the "Defendants"

and, together with Plaintiffs, the "Parties"), by and through their undersigned counsel, submit the following Joint Statement in advance of the June 25, 2024 Scheduling Conference.

## BACKGROUND

This action relates to two asthma medications manufactured and sold by Defendants called QVAR and QVAR Redihaler. In May 2023, Plaintiffs filed their initial complaint, alleging that Defendants engaged in a multi-part anticompetitive scheme to forestall generic competition for Defendants' QVAR products. ECF No. 1. In September 2023, Plaintiffs filed an amended complaint that maintained these same core allegations. ECF No. 31.

In October 2023, Defendants moved to dismiss Plaintiffs' amended complaint in its entirety. ECF. No. 39. In May 2024, the Court granted Defendants' motion in part and denied it in part. ECF No. 49. The Court dismissed Plaintiffs' claim that Defendants engaged in "sham litigation" as well as certain of Plaintiffs' state antitrust and consumer protection claims as a matter of law, but permitted the case to proceed on the remainder of Plaintiffs' allegations. *Id.*

Following its decision on Defendants' motion to dismiss, the Court entered an order setting an Initial Case Scheduling Conference for June 25, 2024. ECF No. 52. In accordance with Local Rule 16.1(b) and Federal Rule of Civil Procedure 26(f), the Parties held a meet and confer on June 4, 2024. Following that conference, the Parties take the following positions in relation to initial case management issues and proceedings. On June 13, 2024, Defendants provided Plaintiffs with a revised proposed schedule altering deadlines for certain discovery events. The Parties' respective proposed schedules and deadlines are attached hereto as **Exhibit A**. The Parties' explanations for their positions are stated below.

## ISSUES FOR THE CURRENT SCHEDULING CONFERENCE

**A.      Proposed Pretrial Schedule (Local Rule 16.1(d))**

On Friday, May 31, 2024, Plaintiffs provided Defendants with a proposed litigation schedule in advance of the Parties' Rule 26(f) conference that was held on June 4. During the Rule 26(f) conference, Defendants provided commentary on certain aspects of the proposed schedule.

*Plaintiffs' Position*:  Plaintiffs' Proposed Schedule includes a discovery plan scheduling the time and length for all discovery events (*see* Local Rule 16.1(d)(1)) and a schedule for the filing of motions (*see* Local Rule 16.1(d)(2)). Plaintiffs' Proposed Schedule provides for all deadlines required by Local Rule 16.1, including the amendment of pleadings, compliance with written discovery requests, service of expert reports, and motions for summary judgment.

Plaintiffs' Proposed Schedule contemplates a proposed date for the Rule 16(e) Final Pretrial Conference on May 7, 2026, exactly twenty-four months from the Court's Order on Defendants' Motion to Dismiss, dated May 7, 2024. ECF No. 49.

As to certain disputed scheduling dates and events: First, a firm and early date by which Defendants must assert an advice-of-counsel defense, should they elect to do so, should be established. Such defense, if asserted, will have an enormous impact on the shape and scope of discovery and litigation strategy. Second, expert rebuttal reports will undoubtedly be helpful to the Court, given the complexity of this case. Plaintiffs therefore seek leave to file such rebuttal reports, as reflected by their Proposed Schedule which sets dates for their disclosure. Third, while Plaintiffs agree that the sequence by which the Court decides the class-certification motion and any summary-judgments motions is important, Defendants have provided no reason why the parties cannot brief summary judgement while awaiting the decision on Plaintiffs' class certification motion.

Plaintiffs disagree with Defendants' proposed stay of all deadlines in this action pending the outcome of their forthcoming Rule 12(c) motion. *See* section B, *infra*.

*Defendants' Position*:  As required by Local Rule 7.1(a)(2), at the June 4 meet and confer Defendants' counsel informed Plaintiffs' counsel that Defendants intend to file a Rule 12(c) Motion for a Judgment on the Pleadings.  Defendants believe that this 12(c) Motion, if granted, would be case dispositive, making discovery entirely unnecessary and therefore warranting a stay of these proceedings while the Court resolves the motion.  *See* section B, *infra* at 9-10.

In the event the Court rejects Defendants' request to stay this case, Defendants' position is that in light of the complexities of this lawsuit, this Court should adopt a scheduling order that: (1) provides more time than Plaintiffs have proposed for fact and expert discovery;[1] (2) requires class certification to be briefed after the close of fact and expert discovery and *Daubert* motions to be filed simultaneously with summary judgment motions; (3) ties deadlines for summary judgment briefing to a decision on class certification; and (4) excludes certain pre-trial activities following dispositive motion practice that may be entirely unnecessary, as well as deadlines for events that are not governed by this Court's Local Rules or the Federal Rules of Civil Procedure.

First, Defendants anticipate that Plaintiffs may seek review and production of hundreds of thousands—if  not millions—of documents given the expansive scope and time period over which Plaintiffs' allegations stretch.  In particular, based on Plaintiffs' allegations, they are likely to seek discovery over at least the last ten years. *See Iron Workers*, No. 1:23-cv-11131-NMG, ECF No. 31

---

[1]    Defendants also believe that Plaintiffs' request to set any deadlines related to an "Advice of Counsel Defense" at this juncture is inappropriate and unwarranted.  A decision, if any, on that issue must wait until after further discovery, when the parties' contentions have crystallized.  It should certainly not, under any circumstances, be ordered at this point, let alone less than two weeks after the Parties serve their initial disclosures.  The parties should be permitted to discuss an appropriate deadline related to this issue later in this case, if necessary.

¶¶ 234-243 (claiming, as part of their "product hop" allegations, that Teva "added an unnecessary dose counter" to its QVAR product in early 2014). Defendants also anticipate that expert discovery may involve 8-10 experts per side, including experts on patents, patent litigation, the Food and Drug Administration's ("FDA") Orange Book, the FDA's regulatory procedures, authorized generic drug products, pharmaceutical manufacturing, the relevant QVAR products, market power, damages, and class certification. To accommodate the scope of this anticipated discovery, Defendants' proposed discovery schedule therefore adds an additional 4 months to the fact discovery period and 1.5 months to the expert discovery period.[2]

Second, to promote streamlined and organized case management, and to provide Defendants with adequate time to assess and respond to Plaintiffs' arguments regarding class certification, Defendants believe that all expert reports should be filed simultaneously and that expert discovery should be completed before briefing class certification. The legal and economic issues that will be assessed by the Parties' class certification experts, like antitrust injury and damages, will overlap heavily with the Parties' merits experts' analyses that inevitably assess these same issues. The breakup of these analyses into "class certification" and "merits" phases is an

---

[2]   While Plaintiffs' proposed case schedule assumes the right to rebuttal expert reports, there is no support for a right to such relief in the Federal Rules. *See, e.g.*, *Allstate Ins. Co. v. Shah*, 2021 WL 4555177, at *4 (D. Nev. Oct. 5, 2021) (noting that the Federal Rules "do not provide authority for reply reports," which is why "certain courts have required parties to seek leave to file reply expert reports"); *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at *1, *4 (S.D.N.Y. Dec. 18, 2009) (rejecting contention that plaintiffs "were entitled to reply to defendants' rebuttal reports as a matter of right"; the Federal Rules "contemplate[] two rounds of expert reports, namely, opening reports addressing the issues on which the party submitting the report had the burden of proof and rebuttal reports that contradict or rebut the opening reports"). Here, adding a presumptive additional round of expert reports will complicate what will already be lengthy and complex expert discovery, potentially creating, among other issues, the need for additional depositions. As other courts have recognized, parties should be required to seek leave of court prior to submitting any such report. *In re Revlimid & Thalomid Purchaser Antitrust Litig.*, Case No. 2:19-cv-07532-ES-MAH (D.N.J. 2024), ECF No. 438 ("Therefore, the Special Master recommends that, if a genuinely new argument or opinion is set out in a party's responsive expert report, the opposing party may petition the Special Master for leave to file a reply expert report *limited only to the new subject matter of the responsive report*.") (emphasis in original).

artificial construct that does not map to the substance of the subject matter on which these experts will provide opinions. To avoid having the Parties potentially submit duplicative reports, a uniform deadline ensures that the Parties will only need to prepare and serve, and the Court will only be presented with, one expert report covering these issues. The Parties can then use these reports for arguments related to class certification or the merits as they deem appropriate.

Expert discovery should also be completed before briefing class certification to avoid prejudicing the Defendants. Arguments regarding class certification in reverse payment cases generally rely heavily on expert opinions about antitrust injury and how to properly identify class members. If expert discovery remains ongoing at the same time class certification is being briefed, Defendants will be required to simultaneously assess Plaintiffs' expert arguments and legal arguments for class certification *and* begin preparing their responses to Plaintiffs' expert arguments at the same time they are responding to Plaintiffs' legal arguments. In Plaintiffs' Proposed Discovery Schedule, Plaintiffs will have had approximately 2.5 months from the close of fact discovery to have completed these activities in parallel (and approximately 6.5 months from the substantial completion deadline to begin preparing these arguments with documentary support), whereas Defendants will have only had about 1.5 months to review, assess, and respond to Plaintiffs' expert reports and class certification arguments. To ensure that the Parties receive a fair division of time to prepare and respond to each sides expert and legal arguments regarding class certification, expert discovery should therefore be completed before class certification is briefed.

To further promote efficient and organized case management, Defendants also believe that all *Daubert* motions, which may dictate whether the Court should consider certain expert evidence in evaluating summary judgment, should be filed simultaneously with any summary judgment

motions.  This is the general norm in initial scheduling orders adopted in reverse payment cases. *See, e.g.*, *In re Niaspan Antitrust Litig.*, No. 2:13-md-02460-TJS, ECF No. 131 at 3 (E.D. Pa.); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 1:14-md-02503-DJC, ECF No. 227 (D. Mass.); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-cv-02836-RBS-DEM, ECF. No. 142 at 6 (E.D. Va.).

Third, Defendants believe that setting deadlines for summary judgment briefing based on the timing of a decision on class certification will help further promote efficient case management while advancing judicial economy.  Among other reasons, a decision on summary judgment cannot precede a decision on class certification because such sequencing would create unmanageable issues related to estoppel.  In fact, some courts instruct that class certification is to be decided before merits issues are considered at all.  *See, e.g.*, *Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 54-55 (1st Cir. 2002) ("Fed. R. Civ. P 23(c)(1) directs district courts to decide on certification promptly after a class action begins, and envisions any alterations being made before the decision on the merits.").  Defendants also have the right to know against which party(ies) they may seek summary judgment, including specifically whether the motion is against individuals or a class (including the class definition), as that issue will define certain merits issues, including damages models.

Fourth, Defendants believe including any subsequent pre-trial deadlines in the scheduling order is unnecessary and premature at this time, especially in light of the potentially case-dispositive Rule 12(c) motion.  Defendants also believe that including deadlines related to events that are not governed by this Court's Local Rules or the Federal Rules of Civil Procedure are unnecessary.  Therefore, Defendants believe such deadlines should not be included in the initial scheduling order.

**B.      Defendants' Anticipated Motion to Stay and Motion for Judgment on the Pleadings**

During the Rule 26(f) conference, Defendants notified Plaintiffs of their intent to file a Rule 12(c) motion for judgment on the pleadings and a motion to stay all proceedings in this action until after the Rule 12(c) motion has been decided. The pleadings will close when Defendants file their Answer on June 18, 2024. ECF No. 54.

*Plaintiffs' Position*:   Plaintiffs have asked Defendants to disclose the basis for the Rule 12(c) motion, but Defendants have declined to specify other than asserting that the motion, if granted, will be case dispositive. Any motion to stay predicated on the likelihood of success of a Rule 12(c) motion should be denied. The parties should brief the Rule 12(c) motion while proceeding with discovery and other pretrial litigation events.

Defendants provided some details regarding the anticipated Rule 12(c) motion, but not until Friday, June 14, in connection with the preparation of this Joint Statement. The anticipated motion is futile because it will rely on disputed facts and inferences unfavorable to the non-moving party.

*Defendants' Position*:   As noted above, because Defendants' Rule 12(c) Motion for a judgment on the pleadings will be case dispositive if granted, Defendants believe good cause exists to grant a stay of this case while the Court resolves that motion.   Contrary to Plaintiffs' representation, Defendants did not "decline[] to specify" the basis for this motion during the June 4 meet and confer.   During that conference, Defendants explained that their Rule 12(c) Motion is based on similar arguments raised in prior written correspondence with Plaintiffs in September 2023 requesting Plaintiffs voluntarily dismiss their amended complaint as meritless.[3]   Specifically,

_____

[3]   Contrary to Plaintiffs' representation that Defendants did not provide details about the forthcoming Rule 12(c) Motion "until Friday, June 14, in connection with the preparation of this Joint Statement," as explained above,

Defendants' Answer and Rule 12(c) Motion will both explain why Plaintiffs fail to plead antitrust injury and debunk their meritless "reverse payment" allegations.  For example, the Rule 12(c) Motion will articulate exactly why Defendants did not sue Amneal: they were barred from doing so by a Federal Trade Commission Consent Order.  That Order, entered in the context of Defendants' acquisition of Allergan's generic pharmaceuticals business, required Defendants to divest their rights to Allergan's QVAR product to Amneal's predecessor in interest to help preserve competition.  The Answer and Rule 12(c) Motion will thus unravel the key assumption the Court was obligated to accept at the motion to dismiss stage to reject Defendants' dispositive antitrust standing argument and accept Plaintiffs' "reverse payment" claims.  Because these previously unavailable facts support dispositive arguments in the forthcoming Rule 12(c) Motion, good cause exists to stay these proceedings while the Court resolves Defendants' Motion, particularly to prevent beginning expensive discovery proceedings that may prove entirely unnecessary.  Defendants' argument for staying these proceedings will be fully outlined in Defendants' Motion to Stay Proceedings, which will be filed concurrently with Defendants' Rule 12(c) Motion.

###    C.    Initial Disclosures

Federal Rule 26 requires that initial disclosures be made no later than fourteen days after the Rule 26(f) conference "unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C). The parties propose extending the deadline for Rule 26(a) disclosures until July 9, 2024.

---

Defendants previewed during the June 4 meet and confer that the Motion will be based on similar arguments articulated in correspondence with Plaintiffs' counsel in September 2023.

### D.      Discovery

*Plaintiffs' Position*: The Parties will conduct discovery on their claims and defenses without necessity for any staged discovery except for the clear demarcation between fact discovery and expert discovery.

On May 31, 2024, Plaintiffs provided Defendants with an initial Proposed ESI Protocol, Proposed Protective Order, and Proposed Deposition Protocol for comments. To date, Defendants have not provided any comments.

*Defendants' Position*: Defendants agree staged discovery is not necessary in this case. Plaintiffs, however, propose conducting class certification briefing during expert discovery.  As noted above, Defendants believe that class certification briefing should occur after the close of expert discovery.  Defendants believe that a streamlined approach that does not stagger and intermingle expert deadlines for class certification and non-class certification experts will help promote judicial efficiency and case organization, and avoid potentially prejudicing Defendants. *See supra* Section A at 5-6.

Defendants are in receipt of and are reviewing Plaintiffs' Proposed ESI Protocol, Protective Order, and Deposition Protocol ("Protocols").  Contrary to Plaintiffs' representation that "to date, Defendants have not provided any comments" on these protocols, during the June 4 meet and confer, Defendants' counsel informed Plaintiffs' counsel that Defendants had begun reviewing these protocols and also raised that the ESI Protocol's discussion of privilege logs was inconsistent with the deadline for the Parties to exchange privilege logs in Plaintiffs' proposed discovery schedule.  Plaintiffs have yet to provide a response.  Defendants do not believe that setting an arbitrary deadline for the review and finalization of these protocols is productive, as it will only

increase the likelihood of escalating issues to the Court that the parties may otherwise be able to resolve via negotiations if allowed sufficient time.

### E.      Settlement Proposal (Local Rule 16.1(c))

On June 14, Plaintiffs' counsel provided defense counsel with a settlement demand pursuant to Rule 16.1(c). Defendants' counsel will discuss the proposal with their client.

### F.      Consent to Magistrate Judge (Local Rule 16.1(b)(3))

Neither Party consents to trial before a magistrate judge.

### G.      Counsel's Certification (Local Rule 16.1(d)(3))

The undersigned counsel will file their Rule 16.1 certificates separately in accordance with Rule 16.1(d)(3).

### H.      Proposed Agenda (Local Rule 16.1(b)(1), 16.1(d))

The parties have attached a proposed agenda as **<u>Exhibit B</u>**, and will be prepared to discuss all of these matters at the Scheduling Conference on June 25, 2024.

DATED:  June 17, 2024                              **BERMAN TABACCO**

By:   <u>  /s/ Todd A. Seaver          </u>
      Todd A. Seaver (BBO #645874)

Joseph J. Tabacco, Jr. (BBO #491260)
Nicole Lavallee (*pro hac* forth coming)
Matthew D. Pearson (*pro hac* forthcoming)
Carl Hammarskjold (admitted *pro hac*)
425 California St, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
jtabacco@bermantabacco.com
nlavallee@bermantabacco.com
tseaver@bermandetabacco.com
mpearson@bermantabacco.com
chammarskjold@bermantabacco.com

Kathleen M. Donovan-Maher (BBO #558947)

Leslie R. Stern (BBO #631201)
Steven L. Groopman (BBO #568933)
Christina L. Gregg (BBO #709220)
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
kdonovanmaher@bermantabacco.com
lstern@bermantabacco.com
sgroopman@bermantabacco.com
cgregg@bermantabacco.com

Joseph M. Vanek (BBO # 551083)
Eamon Kelly (*pro hac* forthcoming)
Martin V. Sinclair, Jr. (*pro hac* forthcoming)
David Lesht (*pro hac* forthcoming)
**SPERLING & SLATER, LLC**
55 W. Monroe Street
Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
jvanek@sperling-law.com
ekelly@sperling-law.com
msinclair@sperling-law.com
dlesht@sperling-law.com

Steve D. Shadowen (*pro hac* forthcoming)
Richard M. Brunell (*pro hac* forthcoming)
Matthew C. Weiner (*pro hac* forthcoming)
Tina J. Miranda (*pro hac* forthcoming)
**HILLIARD & SHADOWEN LLP**
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298
steve@hilliardshadowenlaw.com
rbrunell@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com
tmiranda@hilliardshadowenlaw.com

*Counsel for the Plaintiffs and the Proposed Class*
Brian P. Murray (*pro hac* forthcoming)
Lee Albert (Admitted *pro hac*)
Brian D. Brooks (Admitted *pro hac*)
**GLANCY PRONGAY & MURRAY LLP**
230 Park Avenue, Suite 358

New York, NY 10169
Telephone: (212) 682-5340
bmurray@glancylaw.com
lalbert@glancylaw.com
bbrooks@glancylaw.com

*Counsel for Jacksonville Trust*

Christopher M. Burke (*pro hac* forthcoming)
Walter Noss (*pro hac* forthcoming)
Yifan (Kate) Lv (*pro hac* forthcoming)
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 6225-5620
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Allan Steyer (*pro hac* forthcoming)
**STEYER LOWENTHAL BOODROKAS
ALVAREZ & SMITH LLP**
235 Pine Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 421-3400
asteyer@steyerlaw.com

Arthur Bailey (*pro hac* forthcoming)
**RUPP PFALGRAF LLC**
111 West 2nd Street, #1100
Jamestown, NY 14701
Telephone: (716) 664-2967
bailey@ruppfalz.com

*Counsel for New York State Teamsters Council
Health & Hospital Fund*

Devora W. Allon (Admitted *pro hac*)
Gilad Bendheim (Admitted *pro hac*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-5967
devora.allon@kirkland.com
gilad.bendheim@kirkland.com

Tasha F. Gerasimow (Admitted *pro hac*)

13

**KIRKLAND & ELLIS LLP**
333 W Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2384
tasha.gerasimow@kirkland.com

Tiffany Knapp (BBO # 694071)
**KIRKLAND & ELLIS LLP**
200 Clarendon Street, 47th Floor
Boston, MA 02116
Telephone: (617) 385-7405
tiffany.knapp@kirkland.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filings (NEF) and paper copies of the documents will be sent to those indicated as non-registered participants.

DATED: June 17, 2024                     */s/ Todd A. Seaver*
                                         Todd A. Seaver