UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF NEW ENGLAND HEALTH AND WELFARE FUND, UTAH-IDAHO TEAMSTERS SECURITY FUND, JACKSONVILLE POLICE OFFICERS AND FIRE FIGHTERS HEALTH INSURANCE TRUST, and NYST COUNCIL HEALTH & HOSPITAL FUND, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; TEVA PHARMACEUTICALS USA, INC.; TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D LLC; and NORTON (WATERFORD) LTD.,<br><br>　　　　Defendants. | Civ. No. 23-cv-11131 (NMG) |

**[PROPOSED] ORDER AWARDING ATTORNEY'S FEES AND
REIMBURSEMENT OF EXPENSES TO COUNSEL AND SERVICE AWARDS TO
NAMED PLAINTIFFS**

WHEREAS, this matter came before the Court for a hearing on August 5, 2026 (the "Fairness Hearing"), pursuant to this Court's April 2, 2026, order preliminarily approving a class action settlement agreement, ECF No. 204 (the "Preliminary Approval Order"), and on Plaintiffs' June 5, 2026, Motion for Award of Attorney's Fees, Reimbursement of Expenses, and Service Awards, ECF No. 209-1 (the "Fee and Expense Motion");

WHEREAS, the Court has found the Settlement reached in this Action to be fair, reasonable, and adequate;

1

WHEREAS, the Court has certified an End-Payor Class for settlement purposes pursuant to Rule 23(a) and Rule 23(b)(3);

WHEARAS, pursuant to Rules 23(c)(1)(B) and 23(g), the Court has appointed the law firms Berman Tabacco, Sperling Kenny Nachwalter, LLC, and Hilliard Shadowen LLP as Class Counsel;

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the Fee and Expense Motion and the supporting papers filed therewith, and found good cause appearing;

**NOW, THEREFORE**, after due deliberation, **IT IS HEREBY ORDERED THAT**:

1.      For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Settlement Agreement, dated September 25, 2025 (ECF No. 198-1).

2.      The Court has jurisdiction over this Action, and all matters relating to the Settlement Agreement, including the Fee and Expense Motion, as well as personal jurisdiction over all of the Parties and each of the member of the End-Payor Class.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finds and concludes that due and adequate notice was directed to End-Payor Class Members advising them of the Fee and Expense Motion and their right to object thereto, and a full and fair opportunity was accorded to such persons and entities who are End-Payor Class Members to be heard with respect to the Fee and Expense Motion.

4.      The Court hereby finds that Notice to the End-Payor Class of the Fee and Expense application met the Requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      For the reasons set forth in the Court's Final Order Approving the Settlement entered contemporaneously herewith, the Court finds that there are no valid objections to the Settlement or the Fee and Expense Motion. *See* Final Approval Order, ECF No. ___ ¶ 15.

6.      Class Counsel is hereby awarded attorneys' fees in the amount of $ *11,550,000.—* (33% of the Settlement Fund), and $ *666,412.26* in payment of Class Counsel's litigation expenses, together with any interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid, pursuant to the terms set forth in the Stipulation, which are incorporated herein.

7.      The award of expenses and 57% of the awarded attorneys' fees shall be paid to Class Counsel from the Settlement Fund upon entry of this Order, subject to the terms set forth in the Settlement Agreement, which are incorporated herein.

8.      The award of the remaining 43% attorneys' fees shall be payable to Class Counsel on or about March 31, 2027, coinciding with Defendants' final installment payment into the Settlement Fund.

9.      In making this award of attorneys' fees and expenses to Class Counsel, the Court finds that the amount of fees awarded is appropriate, fair, and reasonable under both the percentage of the fund method and using a lodestar cross-check, particularly given the quality of representation, the wholly contingent nature of the representation, substantial time and effort involved, the results achieved, and the risk associated with further litigation. In making these findings, the Court has considered and found that:

   a.   The Settlement has created a common fund of $35,000,000 in cash, that is already on deposit, and numerous Settlement Class Members will benefit from the Settlement created by Plaintiffs and Class Counsel;

   b.   Notice to Settlement Class Members informed recipients that Class Counsel would move for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund, and would seek reimbursement of litigation expenses, and Service Awards for each Plaintiff;

3

c.  No objections were made or received by the filing deadline for objections, or since;

d.  Class Counsel have pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy and faced consistent and vigorous opposition from highly skilled and national recognized counsel for the Defendants;

e.  Class Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

f.  Class Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and expecting any fee award would be contingent on the result achieved;

g.  The Action involved complex factual and legal issues and, in the absence of Settlement, would involve lengthy proceedings whose resolution would be uncertain;

h.  Had Class Counsel not achieved the Settlement, there would remain a risk that the Settlement Class members would have recovered less or nothing from Defendants;

i.  Class Counsel devoted over 13,230 hours to litigating this Action, with a lodestar value of $9,763,905.50 at current rates, prior to reaching the Settlement;

j.  Plaintiffs have approved the amount of attorneys' fees and expenses awarded as fair and reasonable;

k.  The attorneys' fees and expenses are reasonably proportional to the Classes' recovery;

l.  Class Counsel advanced litigation expenses which were fair and reasonable when considering the length, complexity, and needs of the case;

4

10.    The Court finds that the Class representatives identified here expended time and effort that advanced the interests of the Settlement Class as a whole, including being subjected to substantial written discovery and preparing for depositions, and so hereby approves the grant of Service Awards of $20,000 each to Plaintiffs and Settlement Class Representatives Iron Workers District Council of New England Health and Welfare Fund, Utah-Idaho Teamsters Security Fund, Jacksonville Police Officers and Fire Fighters Health Insurance Trust, and the NYST Council Health & Hospital Fund. The Court finds that such Service Awards are fair, reasonable, and adequate in connection with the Settlement Class Representatives' participation in the litigation.

11.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment and other orders entered with respect to the Settlement.

12.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void to the extent provided by the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

SO ORDERED this 5th day of _August_, 2026.

HON. NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

5